IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

IAP WORLDWIDE SERVICES, INC.,
et. al.,

      Plaintiffs,

vs.                                           CASE NO. 5:09cv331/RS-EMT

FLUOR INTERCONTINENTAL, INC.,
et. al.,

      Defendants.
_____/

## ORDER

Before me are Plaintiffs' Emergency Motion to Enjoin the Arbitration Proceedings (Doc. 3) and Defendant's Response (Doc. 10), and Defendant's Motion to Dismiss (Doc. 9) and Plaintiffs' Response (Doc. 11). Plaintiffs seek to enjoin arbitration proceedings, while Defendant seeks to dismiss or stay this case and compel arbitration. Both Plaintiffs' and Defendant's motions are **denied**.

In evaluating a motion to compel arbitration, a district court must determine if the parties actually agreed to arbitrate the dispute. *John B. Goodman Ltd. Partnership v. THF Const., Inc.,* 321 F.3d 1094, 1095 (11th Cir. 2003). Parties cannot be forced to submit to arbitration if they have not agreed to do so. *Chastain v. Robinson-Humphrey Co., Inc.,* 957 F.2d 851, 854 (11th Cir. 1992) (citing *Volt*

*Info. Sciences, Inc. v. Board of Trustees*, 489 U.S. 468, 478, 109 S.Ct. 1248, 1255 (1989)).

I find that the contract between the parties does not contain an enforceable arbitration provision. The provisions at issue (Doc. 4-2 at 10 ¶19) are invalid because of vagueness and conflicting language. The contract does not unambiguously require arbitration, binding or otherwise. To the contrary, the contract provides that any dispute not settled by agreement (i.e. negotiation as provided in ¶19(A)) may be settled by appropriate legal or equitable proceedings. (¶19(C)).

Because the contract does not unequivocally require arbitration, I will not compel arbitration, nor will I dismiss or stay this case for arbitration to take place. Defendant's motion is denied. Plaintiffs' motion to enjoin arbitration is denied as moot.

**ORDERED** on December 4, 2009.

        /S/ Richard Smoak
        **RICHARD SMOAK**
        **UNITED STATES DISTRICT JUDGE**