IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| FLUOR INTERCONTINENTAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> IAP WORLDWIDE SERVICES, INC., READINESS MANAGEMENT SUPPORT, L.C., <br><br> Defendants & Third Party Plaintiffs, <br><br> v. <br><br> JOHNSON CONTROLS, INC., <br><br> Third Party Defendant. | Case No. 5:09-cv-00331-RS-EMT |

**FLUOR INTERCONTINENTAL, INC.'S RESPONSE AND MEMORANDUM IN OPPOSITION TO DEFENDANTS' EMERGENCY MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS CONCERNING MEDIATION COMMUNICATIONS**

Fluor Intercontinental, Inc. ("Fluor"), by and through its undersigned attorneys, respectfully requests this Court enter an Order Denying IAP Worldwide Services, Inc. and Readiness Management Support, L.C.'s (collectively, "Defendants") Emergency Motion to Compel Responses to Discovery Requests Concerning Mediation Communications. In support thereof, Fluor states the following:

**Background**

1. The Defendants are seeking to do what is almost universally understood to be impermissible. Defendants want this Court's permission to breach the confidentiality and privileged nature of mediation communications and sanction the use

of a mediation submission of Fluor against Fluor in the instant matter. This should not be permitted.

2. The subject mediation submission was made and presented by Fluor during a prior mediation involving the instant Parties as well as the United States Air Force.

3. A brief summary of the case is as follows: Pursuant to a cost reimbursable contract under a program known as "AFCAP", the United States Air Force issued a Task Order ("T.O. 5076") for Defendants to build military housing units in Qatar. Defendants then subcontracted most of the work to Fluor, also on a cost reimbursement basis and with most of the same terms and conditions. The Air Force was required to pay Defendants the costs they incurred during performance, and Fluor's costs, as costs "incurred" by Defendants, were passed on to the Air Force for payment. Defendants were obligated to reimburse Fluor for its costs incurred and use the payments received from the Air Force to pay Fluor. Because Defendants did not give sufficient notice of the costs Fluor incurred to the Air Force, the Air Force refused to pay Defendants much of the costs Fluor had incurred. Fluor then looked to Defendants, the party which had the direct responsibility to pay Fluor for its work, to make it whole. To resolve this issue, Defendants, motivated by a desire to avoid paying Fluor with its own money, agreed to "sponsor" a claim (and then an appeal to an administrative tribunal known as the Armed Services Board of Contract Appeals ("ASBCA")) on Fluor's behalf to obtain the costs of the work from the Air Force. The sponsorship of a claim by a prime contractor is commonly employed when its subcontractor is the entity primarily seeking cost recovery from the government, as there is no privity between the

government and the subcontractor. The Parties, including the Air Force, ultimately went to mediation and Fluor was paid a <u>portion</u> of the amounts due it. This lawsuit alleges that Defendants engaged in conduct (e.g., lack of adequate notice and fraud and misrepresentation regarding what was told to the Air Force about Fluor's costs, and the Air Force's responses to Defendants) that has precluded Fluor from fully recovering its costs of performing the military housing unit work from the Air Force. Defendants now want to use mediation communications and statements made by Fluor counsel against Fluor regarding the very issue that was central to both the ASBCA matter and the current litigation. This is no different than having Parties mediate a matter and if the mediation results in an impasse, allowing the parties to use the mediation communications and statements made during settlement negotiations against each other.

4. Further, the Defendants omit from their 20-page motion and memorandum what they are really after—the statements and advocacy of counsel made at the mediation for the purposes of settlement. These statements clearly fall within, and arguably should be treated with a greater standard of confidentiality and privilege than that which attaches to mediation proceedings. To see this the Court need only look at the actual requests that are being challenged by Defendants in their "Emergency" Motion: **Request 11** (*Fluor, by its counsel <u>Vinson & Elkins</u>, wrote the mediation presentation*); **Request 12** (*Fluor made, adopted, authorized, approved every statement contained in the mediation presentation through <u>Vinson & Elkins</u>*); **Request 8** (*Exhibit H is the mediation presentation that <u>Vinson & Elkins</u> gave*); **Interrogatory 12** (*explain the*

*basis for your statement that Fluor was forced to settle for a lower sum)*.[1]

5.     Defendants are asking for permission to use confidential mediation statements made by counsel for Fluor (Vinson & Elkins LLP) against Fluor in this case. They want the Court to view the mediation submission in order to potentially taint its perception of the case. This Court should decline to do so. They want to be able to use the mediation presentation and statements as substantive evidence in a forthcoming motion for summary judgment. This Court should not allow it. They also want the Court to authorize asking Fluor's witnesses and representatives about the statements made by Fluor's counsel during mediation. The Court cannot sanction such conduct.

## **MEMORANDUM OF LAW**

It is axiomatic that communications made during mediation are privileged and confidential. There are a host of statutes, rules and cases that have long established this principle. Federal Rule of Evidence 408 specifically prohibits "conduct or statements made in compromise negotiations regarding the claim" when the same is "offered to prove liability for, invalidity of, or amount of a claim" by any party. *See* Fed. R. Evid. 408(a). Therefore, evidence of compromise or statements made during settlement discussions or any communications during mediation are not to be used by or against any party.[2] One of the primary rationales for excluding such evidence is "the

---

[1] Although Interrogatory 12 does not address Vinson & Elkins LLP by name, Defendants are in essence asking Fluor to identify statements made by its counsel. Defendants go so far as to say that this particular averment constitutes waiver over the entire mediation presentation and communications made therein, and even the attorney-client privilege. Contrary to RMS' assertions, it does not.

[2] Rule 408 lists several exceptions to this general principle, such as allowing evidence tending to prove a witness's bias or prejudice, negating a contention of undue delay, and proving an effort to obstruct a criminal investigation or prosecution. *See* Fed. R. Evid. 408(b). None of these permitted uses are applicable in this case.

promotion of public policy favoring compromise and settlement of disputes." *See* Fed. R. 408, Comments to the 1972 Proposed Rules. Defendants do not deny that Rule 408 encompasses the mediation submission that they seek to use. Instead, Defendants contend that 408 should not apply because the mediation was conducted in a different proceeding, relying primarily upon a hyper-technical reading of the Rule and finding support in one Alabama case. Defendants have also cited *Towerridge, Inc. v. T.A.O., Inc.*, 111 F.3d 758 (10th Cir. 1997), a case where the Circuit Court found that even if Rule 408 does not bar the exclusion of evidence of settlement from a <u>different</u> claim litigated, the admission of such evidence implicates the same concerns of prejudice and may serve to deter settlements which underlie the policy behind Rule 408. Notwithstanding these sound considerations for excluding the privileged mediation communications, there is one key distinction in this case—the claims involved in the mediation are the same claims involved in this litigation.

The mediation between the Parties and the Air Force, while certainly in a different forum, was not a different claim. At the heart of the appeal against the Air Force was Fluor looking to be made whole for its work on the project in Qatar. Defendants were aware that if Fluor was not made whole by the Air Force, Fluor could pursue the deficiency amount from Defendants, particularly since Defendants were responsible for informing the Air Force of Fluor's incurred costs. This lawsuit follows directly from that deficiency and involves the same facts and issues. Thus, the claim, while in a different proceeding was still the same claim at the heart of this controversy. Either the Air Force or the Defendants could have resolved the entirety of the claim during mediation. Instead, only a partial settlement was reached between Fluor and the

Air Force because of the very same actions and inactions by Defendants, and Defendants' argument that Rule 408 does not act as a bar in this case lacks merit and should be rejected.

The Eleventh Circuit announced the test for exclusion of privileged settlement communications in *Blu-J, Inc. v. Kemper C.P.A. Group*, 916 F.2d 637 (11th Cir. 1990). There, the Court held that the district court did not abuse its discretion when it excluded a report (independent evaluation) prepared by an outside accounting firm agreed to by the parties that was part of the parties' settlement negotiations. The test for whether statements fall under Rule 408 is "whether the statements or conduct were intended to be a part of the negotiations toward compromise." *Id.* at 642 (citing, *Ramada Dev. Corp. v. Rauch*, 644 F.2d 1097, 1106 (5th Cir. 1981)). The Court stated that the independent evaluation fell squarely within the *Ramada* test and under Rule 408 because it was "intended to be part of negotiations toward compromise and was properly excluded by the district court." *Id.* In this case, there is no question that the mediation presentation and communications were part of negotiations toward compromise, and as result, they should be excluded.

It has also become evident to Fluor that the Defendants will attempt to use the privileged mediation presentation as substantive evidence in support of a future motion for summary judgment. But Rule 408, as well as other federal courts, prevents a party from doing so. *See Liesener v. Weslo, Inc.*, 775 F. Supp. 857 (D. Md. 1991). In *Lieseneri,* the court held that an affidavit used in support of a motion for summary judgment that incorporated statements made in settlement discussions was inadmissible under Rule 408 because it went directly to the merits of a claim as

6

opposed to a collateral matter. Similarly, in *Honeywell, Inc. v. J.P. Maguire Co.*, 93 Civ. 5253, 1999 U.S. Dist. LEXIS 1872, at *72-73 (S.D.N.Y. Feb. 24, 1999), the court denied defendant summary judgment on the contract amount and held that defendant's calculation of an undue contract balance that was prepared and discussed during court-ordered settlement negotiations between the parties was inadmissible under Rule 408.

In this matter, Defendants also petitioned this Court to review the mediation presentation to otherwise potentially taint the Court's view of the entire claim. It should decline to do so. In *Lincoln Diagnostics, Inc. v. Panatrex, Inc.*, No. 07-CV-2077, 2009 U.S. Dist. LEXIS 106544, at *18 (C.D. Ill. Nov. 16, 2009), the district court struck an affidavit disclosing settlement communications between the parties relating to the invalidity of plaintiff's claim for recovering attorneys' fees and to dispute the amount of the attorney's fees requested, which "fit squarely under the Rule's [FRE 408] prohibition." The court further noted that "it is not the practice of this court to ever consider anything said or offered during a settlement conference when ruling on matters pending in litigation because of its desire to maintain confidentiality so important to settlement negotiations." *Id.* at *18-19.[3] This same principle applies in this case as well.

There is well-established law in this Circuit and in other federal courts that support the exclusion of the privileged mediation communications that Defendants seek to use. In *Rubery v. Buth-Na-Bodhaige, Inc.*, 470 F. Supp. 3d 273 (W.D.N.Y. 2007), the district court held that a chart prepared by defendant's counsel and "sent to plaintiff during the course of settlement negotiations between the parties" was inadmissible under Rule 408 and stricken from the record. In *Ramada Dev. Corp. v. Rauch*, 644

---

[3] Additionally, the court even sanctioned defendant for not withdrawing the affidavit. *Id.* at *19.

7

F.2d 1097, 1106 (5th Cir. 1981), the Fifth Circuit held that an architect's report concerning defects in construction which were prepared to facilitate settlement negotiations was properly excluded. The court also stated that Rule 408 was "designed to encourage settlements by fostering free and full discussion of the issues." *Id.* The Court rejected defendant's argument that the report was not offered to prove the existence of a defect but to prove plaintiff's notice of the alleged defects, and reasoned that the balance of concerns encompassed in the Rule must be considered. *Id.* After balancing those interests, the Court found that the "notice could be effectively proved by means less in conflict with the policy behind rule 408" and excluded the report. *Id.* at 1107.[4] Likewise, a simple balancing of the considerations in this case would also show that Defendants use of the mediation presentation would run afoul the policy underlying Rule 408.

In addition to federal law, Florida law is also consistent with the policy considerations and exclusions of the above cited cases. In fact, Florida's version of Rule 408, encompassed as Florida Statute §90.408, is even broader than its federal counterpart. It should be noted that the subcontract between Fluor and Defendants contains a valid choice of law provision requiring the application of Florida law, which the Defendants have not contested. *See J.C. Renfroe & Sons, Inc. v. Renfroe Japan Co.*, No. 3:08-CV-31-J-32MCR, 2009 U.S. Dist. LEXIS 2688, at *24 (M.D. Fla. 2009) (court applying Florida law in contract dispute with valid choice of law provision in contract) Like Rule 408, section 90.408 applies to statements and offers made during

---

[4] Although *Ramada* is a Fifth Circuit case, it is still binding precedent in this Circuit, since it was decided before September 30, 1981. *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

mediation and other forms of alternative dispute resolution. See, 2004 Fla. Sess. Law. Ch. 2004-291; Hudson v. Hudson, 600 So.2d 7, 9 (Fla. 4th DCA 1992) (court stating that the confidentiality of the negotiations should remain inviolate until a written agreement is executed by the parties and ordering a new trial where the "well was poisoned" by the admission of an agreement allegedly reached at mediation). Section 90.408 excludes all evidence of offers to compromise as well as any relevant conduct or statements made in negotiations concerning a compromise. The mediation communications at issue in this case fall squarely within its purview.

Moreover, the application of Florida law pursuant to the Parties' choice of law provision clearly favors the exclusion of the mediation communications even though that mediation was in a different forum. See, Charles B. Pitts Real Estate, Inc. v. Hater, 602 So. 2d 961 (Fla. 2d DCA 1992). There the court excluded evidence of a settlement agreement between the defendant and a third-party in a related case. The settlement agreement in the prior suit, although not an offer of settlement in the current case, was so closely related to issues in the previous lawsuit that the court stated that it was "quite analogous to a settlement with a codefendant" and affirmed the trial court in prohibiting evidence of the settlement. Hater, 602 So.2d at 963. Similarly, in Sea Sea Cabin, Inc. v. Scott, Burk, Royce & Harris, P.A., 496 So.2d 163 (Fla. 4th DCA 1986), the Court of Appeals held that a letter to a third party suggesting that the third party was responsible for plaintiff's damages and proposing a settlement of plaintiff's claim was inadmissible when offered by the defendant in that litigation.

Defendants' last point is that even if the mediation submission containing counsel's statements is privileged, it is still subject to discovery. But this assertion is

baseless. In order to avoid the mediation privilege, Defendants assert that pursuant to Rule 26, they can serve a request for admissions asking Fluor if it "*otherwise adopted, authorized or approved the statements in the meditation presentation.*" If Fluor admits that it authorized its counsel to advocate for and on its behalf during mediation, then that admission is substantive evidence and the presentation and communications are likewise evidence. In other words, according to the Defendants, all one needs to do to avoid the privilege afforded to mediation communications is to send a request for admissions to a party asking if that party "otherwise adopted, authorized or approved" of the statements made by counsel during mediation. If that party makes such an admission then it becomes substantive evidence and loses its privilege. This argument lacks merit and should be rejected by this Court.

It should be apparent that what the Defendants really want is to use the statements of Fluor's counsel at mediation against Fluor. Although under both Rule 408 and Florida Statute §90.408, information that is otherwise discoverable or admissible does not become inadmissible simply because it is disclosed during mediation. This otherwise discoverable evidence is not, however, what the Defendants are seeking with their motion. Defendants are not seeking any tangible "facts" or "evidence" from admissible or otherwise discoverable sources. Indeed, they can get facts and evidence through discovery. But what they cannot get through discovery is the legal advocacy, the statements made during mediation, and the use of the mediation presentation against Fluor.

## CONCLUSION

Whether this Court's rationale for denying Defendants "Emergency" Motion is

10

premised on Federal Rule of Evidence 408, Florida Statute §90.408, a combination of both, or just common sense and public policy considerations, it should not allow Defendants to use communications made by counsel for Fluor during a prior mediation against Fluor in this matter. The communications are privileged. Fluor respectfully requests this Court enter an Order Denying Defendants' Emergency Motion.

Dated:     May 26, 2010                          Respectfully submitted,


    /s/ Graham E. Eddy
Graham E. Eddy
Michael R. Charness
Vinson & Elkins LLP
1455 Pennsylvania Avenue NW, Suite 600
Washington, DC 20004
Telephone: (202) 639-6500
Facsimile: (202) 639-6604
mcharness@velaw.com
geddy@velaw.com


Ricardo J. Cata
Florida Bar. No. 208809
Russell Pfeifer
Florid Bar No. 659861
Wilson Elser Moskowitz Edelman & Dicker LLP
100 Southeast Second Street - Suite 3800
Miami, FL 33131-2126
Telephone: 305-341-2283
Facsimile: 305-579-0261
ricardo.cata@wilsonelser.com
russell.pfeifer@wilsonelser.com

*Counsel for Plaintiff*
*Fluor Intercontinental, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of May, 2010, I caused the foregoing FLUOR INTERCONTINENTAL, INC.'S RESPONSE AND MEMORANDUM IN OPPOSITION TO DEFENDANTS' EMERGENCY MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS CONCERNING MEDIATION COMMUNICATIONS to be served by courier to the following counsel of record:

>J. Alex Ward
>Carrie F. Apfel
>Jenner & Block LLP
>1099 New York Avenue, NW, Suite 900
>Washington, DC 20001
>Telephone: (202) 639-6000
>Facsimile: (202) 639-6066
>
>*Counsel for Defendants and Third-Party Plaintiffs IAP Worldwide Services, Inc. & Readiness Management Support, L.C.*

>          /s/ Graham E. Eddy
>Graham E. Eddy
>*Counsel for Plaintiff*
>*Fluor Intercontinental, Inc.*

US 404834v2