IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

FLUOR INTERCONTINENTAL, INC.,
et. al.,

    Plaintiff,

vs.                                          CASE NO. 5:09cv331/RS-EMT

IAP WORLDWIDE SERVICES, INC. and
READINESS MANAGEMENT SUPPORT,
LC,

    Defendants/Third Party Plaintiffs,

vs.

JOHNSON CONTROLS, INC.,

    Third Party Defendant.
_____/

## ORDER

Before me is Defendants' Emergency Motion to Compel (Doc. 58).

### I. Background

In 2002, Defendant Readiness Management Support ("RMS"), a subsidiary of IAP Worldwide Services, Inc., ("IAP") entered into a "cost-reimbursable contract" with the Air Force, in which the Air Force issued Task Order 5076 for

1

RMS to develop military facilities in the Qatar.  RMS then signed a subcontract with Plaintiff Fluor Intercontinental, Inc. ("Fluor") to provide the construction for the project.  Fluor then signed a subcontract with IBS to perform certain obligations under the contract between Fluor and RMS.  IBS' performance was deficient, causing Fluor to terminate IBS for cause and correct IBS' deficient performance at additional expense.

In November of 2003, the Air Force terminated the contract with RMS on Task Order 5076.  Subsequently, RMS submitted a Certified Termination for Convenience Claim to the Air Force on behalf of Fluor, contending the Air Force was liable for approximately $26 million in unpaid costs under the contract.  The Contracting Officer denied the claim on the ground that RMS and Fluor had not given timely notice of the costs.

In May of 2007, RMS and Fluor appealed this decision to the Armed Services Board of Contract Appeals ("ASBCA").  In an effort to recoup their costs, RMS and Fluor presented a "united front" in the ASBCA litigation, working together against the Air Force.  In 2008, while the appeal was pending, RMS, Fluor, and the Air Force engaged in mediation to resolve the dispute.  During that mediation, Fluor's counsel gave a PowerPoint presentation entitled "RMS

Mediation Presentation." As a result of the mediation, the Air Force agreed to pay $14 million to settle all claims with RMS and Fluor related to Task Order 5076.

In the action before this Court, Fluor now demands recovery from RMS for the remaining portion of its expenses not covered by the Air Force Settlement. RMS seeks to compel responses to discovery requests regarding the PowerPoint presentation made at the ASBCA mediation. A hearing was held on this motion on June 9, 2010.

## II. Analysis

Federal Rule of Evidence 408(1) prohibits the admission of conduct or statements made in compromise negotiations regarding a claim to prove the invalidity of that claim. The test for whether statements fall under this rule is "whether the statements or conduct were intended to be part of the negotiations toward compromise." *Blue-J, Inc. v. Kemper C.P.A.* Group, 916 F.2d 637, 642 (11th Cir. 1990), citing *Ramada Dev. Co. v. Rauch,* 644 F.2d 1097, 1106 (5th Cir. 1981).

Defendants argue that because the mediation where the PowerPoint presentation was given was part of a different case, the presentation is admissible in this case. However, it is clear that the mediation in the ASBCA case was part of settlement of a common claim that is at issue in this case as well. The core issue of

Fluor's entitlement to recovery for the same project was present in both the ASBCA litigation and the instant case. Thus, any statements made by Fluor during the ASBCA mediation, including the PowerPoint presentation, are not admissible under Rule 408.

The same result is reached under Federal Rule of Evidence 403. Whatever little probative value statements made as part of a lawyer's advocacy during mediation might have is substantially outweighed by the danger of unfair prejudice caused by introducing statements made at mediation, where compromise and bluff are common.

### III. Conclusion

The focus on a lawyer's statements made while he was in the role of an advocate in mediation is not appropriate or admissible under the Federal Rules of Evidence. Defendants' motion is **denied**.

**ORDERED** on June 14, 2010.

                                                  /S/ Richard Smoak
                                                  **RICHARD SMOAK**
                                                  **UNITED STATES DISTRICT JUDGE**