IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| FLUOR INTERCONTINENTAL, INC., | ) |
| | ) |
| | ) Case No. 5:09-cv-00331-RS-EMT |
| Plaintiff, | ) |
| | ) Honorable Richard Smoak |
| v. | ) |
| | ) |
| IAP WORLDWIDE SERVICES, INC., | ) |
| READINESS MANAGEMENT | ) |
| SUPPORT, L.C., | ) |
| | ) |
| Defendants & | ) |
| Third Party Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| JOHNSON CONTROLS, INC., | ) |
| | ) |
| Third Party Defendant. | ) |

**ORDER**

By Order dated June 14, 2010, (Doc. 81) I deferred ruling on Defendants' Emergency Motion to Compel Production of Documents Improperly Withheld as Privileged (Doc. 68). That motion sought an order compelling Plaintiff to produce documents that, according to Defendants, have been withheld improperly as privileged. The June 14, 2010, Order directed the Parties to submit a proposed order of appointment for a special master to resolve Defendants' motion. The Order dated June 24, 2010, (Doc. 92) made clear that any special master would also review Plaintiff's claims that Defendants have improperly withheld documents as privileged.

By joint motion, the Parties have consented to the appointment of a special master pursuant to Rule 53 of the Federal Rules of Civil Procedure to resolve their disputed claims of privilege. The Parties have further agreed that the factual findings of the Special Master shall be final, while the conclusions of law of the special master shall be subject to de novo review. Further, the Parties have identified Ross McCloy as the Special Master.

**IT IS ORDERED:**

Ross McCloy is appointed to serve as Special Master to assist the Court and the Parties in the resolution of the Parties' disputed claims of privilege.

All disputed claims of privilege are referred to the Special Master. These disputes may include Defendants' challenges to Plaintiff's privilege log identified in Defendants' Emergency Motion to Compel, Plaintiff's challenges to Defendants' privilege log identified in Plaintiff's Opposition to Defendants' Emergency Motion to Compel and specifically noted in the June 15, 2010, email from Graham Eddy to Carrie Apfel, and Defendants' claim that Plaintiff has waived the privilege over certain documents as explained in Defendants' Emergency Motion to Compel. No other matter is included in this reference to the Special Master.

The Special Master shall regulate the time and manner of all hearings and proceedings to be held before him and shall have all the rights, powers, duties provided by Rule 53 except where such rights, powers or duties are inconsistent with this or any other order of the Court.

Absent an order by the Special Master for good cause shown, the parties shall proceed as follows:

Within seven days of this Order, the parties shall jointly submit to the Special Master the Complaint, Answer and Counter-Claims, and any other pleadings or filings that they mutually agree will assist the Special Master in the resolution of the disputed claims of privilege.

Within fourteen days of this Order, each Party shall submit to the Special Master and serve on the other Party a brief, not to exceed twenty pages double-spaced (and accompanied by supporting evidence where necessary), explaining its privilege challenges, and shall include a list identifying with specificity (where possible) the documents the Party believes should be produced.

Within ten days of the submission and service of the opening briefs, each Party shall submit to the Special Master and serve on the other Party a brief in response to the other Party's opening brief, not to exceed fifteen pages double-spaced (and accompanied by supporting evidence where necessary), as well as a privilege log of the challenged documents specifically identifying the document or other communication sought to be protected from disclosure, including the date, the person making the statement, the person to whom or in whose presence the statement was made, other persons to whom the contents were or have been revealed, the general subject matter of the communications (unless itself claimed to be privileged), the particular privileges or doctrines on which protection against disclosure is based, and any other circumstances affecting the existence, extent, or waiver of the privilege. The Parties shall also submit *ex parte* and *in camera* to the Special Master a copy of all such challenged documents.

Except where necessary for the Special Master to obtain relevant evidence without waiver of the privilege, where agreed by the Parties, or described below the Special Master shall not conduct *ex parte* conferences. If an *ex parte* conference is held with any Party, the Special Master shall notify the other Party promptly that such a conference took place, identify the document(s) referred to in the *ex parte* conference, and where possible without waiving the privilege, describe the general topic of the conference.

The Special Master shall file a Report and Recommendation with this Court within twenty days of the filing of the Parties' response briefs. The Special Master shall make findings of fact and

conclusions of law with respect to all of the disputed privilege claims presented to the Special Master by the parties.  In particular, the Special Master shall make a finding of fact for each challenged document over which the attorney-client privilege is claimed as to (1) the identity of the attorney (or individual who is working at the direction of an attorney and the identity of such attorney), (2) whether the communication was made to convey or solicit legal advice, and (3) whether the primary purpose of the communication was to convey or solicit such legal advice.  Where privilege is claimed on the basis of the attorney work-product privilege, the Special Master shall identify the attorney (or individual who is working at the direction of an attorney and identity of such attorney) whose work product is involved and whether the document was created in anticipation of litigation.

Prior to filing the final Report and Recommendation the Special Master may, where he deems necessary, give each party an opportunity to have an *ex parte* conference to discuss the challenged documents (if any) that the Special Master does not believe were properly withheld on the basis of privilege, provided that the Special Master has given notice to the other party of any such *ex parte* conference.

Upon filing of the Special Master's Report and Recommendation, the Special Master shall file the record with the Court.  Unless directed by the Court or believed advisable by the Special Master, the report shall not be accompanied by a transcript of the proceedings, the evidence, or the exhibits.  Such parts of the report, if any, as may be confidential shall be filed under seal pending further order.

The Special Master's findings of facts shall be final.  The Special Master's conclusions of law shall be reviewed de novo.

The Special Master shall be compensated at a reasonable hourly rate agreed upon by the Parties and Special Master.  In the event the Parties and Special Master cannot agree upon such hourly rate, the Court will make such determination.  The Special Master shall be reimbursed for all expenses and costs.  Such fees, costs, and expenses shall be equally divided between the Parties unless the Court determines that a different allocation is appropriate.  The Special Master shall submit a final invoice to the Parties for all fees, costs and expenses that is broken out by the number of hours spent on each party's respective privilege claims.

ORDERED on July 8, 2010.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**